# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD A. WILLIAMS and ANNETTE V. WILLIAMS, | : No. 10-7474 |
| Plaintiffs, | : Removed from the Delaware County Court of Common Pleas, No. 10-008306 |
| v. | : |
| CHASE AUTO FINANCE, | : |
| Defendant. | : |

## MOTION TO DISMISS

Defendant Chase Auto Finance Corp. ("Chase Auto"), incorrectly captioned in the complaint as Chase Auto Finance, moves the Court to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). In short, Plaintiffs allege a breach of a nonexistent contract. In support of its motion, Chase Auto relies on the accompanying memorandum and exhibits.

WHEREFORE, Chase Auto requests that the Court dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6).

FOX ROTHSCHILD, LLP

/s/ Eric E. Reed
Scott L. Vernick, Esquire
Eric E. Reed, Esquire
PA ID Nos. 51547 & 204692
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)
Attorneys for Defendant Chase Auto Finance Corporation

Dated:  December 27, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. WILLIAMS and ANNETTE V. WILLIAMS, | : : : | No. 10-7474 |
| Plaintiffs, | : : | Removed from the Delaware County Court of Common Pleas, No. 10-008306 |
| v. | : : | |
| CHASE AUTO FINANCE, | : : | |
| Defendant. | : | |

### ORDER

AND NOW, this _____, day of _____, 2011, upon consideration of the motion of Defendant Chase Auto Finance Corp. ("Chase Auto") to dismiss the complaint of Plaintiffs under Fed. R. Civ. P. 12(b)(6) and any response thereto, it is hereby ORDERED that the motion is GRANTED. Plaintiffs' complaint is hereby dismissed with prejudice.

BY THE COURT:

_____
William H. Yohn, Jr., U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. WILLIAMS and ANNETTE V. WILLIAMS, | : : : | No. 10-7474 |
| Plaintiffs, | : : | Removed from the Delaware County Court of Common Pleas, No. 10-008306 |
| v. | : : | |
| CHASE AUTO FINANCE, | : : | |
| Defendant. | : | |

### BRIEF IN SUPPORT OF MOTION TO DISMISS

**I.   Introduction**

Plaintiffs filed a pro se complaint that purports to assert a breach of contract claim. Specifically, Plaintiffs allege that they invoiced Defendant Chase Auto Finance Corp. ("Chase Auto") for contacting Plaintiffs in an effort to get Plaintiffs to pay their delinquent automobile finance loan. Plaintiffs fail to assert necessary facts supporting the elements of a contract claim. Indeed, on the face of the complaint, it is clear that no agreement ever existed for Chase Auto to pay Plaintiffs anything.

Accordingly, Chase Auto moves the Court to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6).

**II.   Procedural and Factual Background**

Plaintiffs filed their *pro se* complaint on July 2, 2010 in the Delaware County, Pennsylvania, Court of Common Pleas. A copy of the complaint is attached as Exhibit A. The case was assigned docket number 10-008306. Plaintiffs' Complaint names as defendants both

Chase Auto, which serviced Plaintiffs' auto loan, and International Recovery Systems, which repossessed the vehicle following Plaintiffs' default.[1]

While no specific cause of action is identified, it is clear that Plaintiffs' complaint fails to state a claim on which relief may be granted against Chase Auto. The complaint purports to assert entitlement to compensation from Chase Auto for the nonpayment of Plaintiffs' invoices. The invoices, according to the complaint, relate to Plaintiffs' purported charging of Chase Auto for contacting them about their delinquent car loan.

The complaint fails to allege that a contract existed between Plaintiffs and Chase Auto whereby Chase Auto agreed to pay Plaintiffs anything. Moreover, the complaint identifies no goods or service provided by Plaintiffs to Chase Auto in exchange for the purported billings or any consideration that would support such an alleged contract.

Finally, with no factual or legal support, Plaintiffs assert entitlement to punitive damages.

Although Plaintiffs never properly served Chase Auto with the complaint, they obtained a default judgment in the Delaware County Court of Common Pleas on August 3, 2010.[2] On August 11, 2010, Chase Auto filed a petition to strike, or alternatively, to open the default judgment in the Delaware County Court of Common Pleas. The petition to open the improper default judgment had not been heard at the time of removal.

---

[1] On December 1, 2010, the Delaware County Court of Common Pleas entered an order dismissing International Recovery Systems.

[2] Apparently the Office of Judicial Support for the Delaware County Court of Common Pleas accepted Plaintiffs' praecipe for default judgment for filing based on the certificate of service dated August 3, 2010. This certificate of service is the same certificate that pertains to the alleged service of the complaint, and does not purport to show service of the 10-day notice required by Pa.R.C.P. 237.1. Again, Plaintiffs issued no such notice to Chase Auto. Accordingly, the default judgment should not have been entered.

### III.    Argument

#### A.    Applicable Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a claim for failure to state a claim upon which relief can be granted when the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), quoting Bell v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 2965 (2007).  Accordingly, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, as accepted as true, to "state a claim to relief that is plausible on its face."  See Ashcroft, 129 S.Ct. at 1949, quoting Bell, 550 U.S. at 570; Max v. Republican Committee of Lancaster County, 587 F.3d 198, 200 (3d Cir. 2009).   In ruling on a 12(b)(6) motion, the court must accept as true all allegations in the complaint, though the court need not accept conclusory allegations or legal conclusions.  Id.  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint should be dismissed.  See Ashcroft, 129 S.Ct. at 1950.

In this case, the Court should dismiss Plaintiffs' complaint because, even assuming that the facts pled by Plaintiffs are true, Plaintiffs state no plausible claim for relief.  Accordingly, this Court should grant Chase Auto's motion and dismiss the complaint.

#### B.    The Complaint Fails to State a Claim on Which Relief May be Granted and Should Therefore Be Dismissed

While no specific cause of action is identified, it is clear that Plaintiffs' complaint fails to state a claim on which relief may be granted against Chase Auto.  The complaint purports to assert entitlement to compensation from Chase Auto for the nonpayment of Plaintiffs' invoices.  The invoices, according to the complaint, relate to Plaintiffs' purported charging of Chase Auto for contacting him about his delinquent car loan that was serviced by Chase Auto.

"A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." Core States Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. 1999)(citing Gen. State Auth. v. Coleman Cable & Wire Co., 365 A.2d 1347, 1349 (Pa. Cmwlth. 1976)).

The complaint fails to allege that a contract existed between Plaintiffs and Chase Auto whereby Chase Auto agreed to pay Plaintiffs anything. Moreover, the complaint identifies no goods or services provided by Plaintiffs to Chase Auto in exchange for the purported billings or any consideration that would support such an alleged contract. Accordingly, Plaintiffs fail to state a claim for the alleged breach of contract to which their complaint alludes.

Additionally, with no factual or legal support, Plaintiffs assert entitlement to punitive damages. Under Pennsylvania law, a claim for punitive damages is proper only where the plaintiff can allege that (1) the conduct was outrageous in character and (2) was engaged in intentionally, recklessly or maliciously. See Feld v. Merriam, 485 A.2d 742 (Pa. 1984); Smith v. Renaut, 564 A.2d 188 (Pa. Super. 1989); Smith v. Brown, 423 A.2d 743 (Pa. Super. 1980). A breach of contract action is insufficient to give rise to a claim for punitive damages. See McDaniel v. Merck, Sharp & Dome, 533 A.2d 436 (Pa. Super. 1987), appeal denied, 520 Pa. 589, 551 A.2d 215 (1988). No such allegations appear in Plaintiffs' complaint.

Plaintiffs styled their action as a breach of contract. The factual allegations contained in Plaintiffs' complaint, even if assumed to be true for purposes of this motion, provide no basis for the recovery of punitive damages under the above authorities. Accordingly, Plaintiffs' complaint should be dismissed for failure to state a claim for punitive damages.

6

## IV.    Conclusion

Plaintiffs attempt, but fail, to state a claim for breach of contract.  Accordingly, their complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

FOX ROTHSCHILD, LLP

/s/ Eric E. Reed
Scott L. Vernick, Esquire
Eric E. Reed, Esquire
PA ID Nos. 51547& 204692
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)
Attorneys for Defendant Chase Auto Finance Corporation

Dated:  December 27, 2010

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on December 27, 2010, the foregoing was filed with the Court using the ECF system, and a copy was placed in the U.S. Mail directed to the following:

Edward and Annette Williams
227 Garfield Avenue
Norwood, PA  19074

/s/ Eric E. Reed