IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A WILLIAMS AND ANNETTE V. WILLIAMS, | : : : | No. 10-7474 |
| Plaintiffs, | : : : | Removed from the Delaware County Court of Common Pleas, No. 10-008306 |
| v. | : : | |
| CHASE AUTO FINANCE, Defendant, | : : | |

## RESPONSE TO MOTION TO DISMISS

Defendant states that a breach of a non-existent contract between Plaintiff and Defendant in the complaint and interprets the complaint and documents which speak for themselves and need no interpretation.

Chase was invoiced and given every opportunity to respond. Chase did not deny or reject this invoice or claim in over one year. Chase failed to address any or all documents and therefore the document speaks for itself and states clearly that relief of judgment would be sought .

#6 and #7 in the complaint states Chase was told to stop these calls and refused.

#11 in the complaint shows that Chase was billed for the calls and failed to pay

#14 states a follow-up letter was sent and Chase still failed to dispute.

#17 states that the total due and owing $17,777.56 was far above the amount shown of $11,849.48 on Chase's documents at the time or repossession.

#20 states that the Plaintiffs are sole and rightful owners of the vehicle

#21,8,9,15 of Complaint states Plaintiffs rights under the law were ignored by Defendants. (R.D.C.Pa.805,804)

The complaint clearly states that the vehicle solely belonged to the plaintiffs and not Chase. It seeks damages for Chase ignoring there rights and taking there property.

What defendant is claiming not to be a contract should have been addressed over a year ago, and if allowed now by the courts. Would it not then apply to the original contract entered into with Chase and the Plaintiffs. Chase was not present at either and signed neither and failed to assert claims either way. If one contract is to be declared nonexistent, then the same law must be applied to the original contract whereby negating Chase's claim upon the vehicle or monies.

Conclusion

Chase has very competent counsel who has put to gather much case law about this case. In an effort to distract from the actions of the Defendant which have not been disputed and continue. I stopped printing complaints from (ComsumerAffairs.com )about Chase Auto, after 30 pages. There is no question that the complaint is clear it speaks for itself and Chase could have raised this question in their response. The lack of service does not exists the fax sent to chase on 7/02/2009 proves that fact. Defendant motion to dismiss must be denied.

Respectfully Submitted,

*[signature]*

Edward A Williams

## Certificate of Service

I Edward A. Williams certifies that, on January 11, 2011, the foregoing was filed in the court, and a copy was placed in the U.S. Mail directed to the following:

Eric E. Reed

2000 Market Street, 20 Floor

Philadelphia, PA 19103

*[signature]*

Edward A. Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD A WILLIAMS AND ANNETTE V. WILLIAMS, : <br><br> Plaintiffs, : <br><br> v. : <br><br> CHASE AUTO FINANCE, : <br> Defendant, | No. 10-7474 <br><br> Removed from the Delaware County Court of Common Pleas, No. 10-008306 |

## Order

And now , this _____, day of _____, 2011, upon consideration of the Plaintiffs response to Defendant Chase Auto Finance motion to dismiss judgment entered by Delaware County Court of Common Pleas, It is hereby Ordered that the motion be DENIED.

BY THE COURT:

_____
William H. Yohn , Jr., U.S.D.J.